**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TIMOTHY M. GLASS,**

        **Petitioner,**

   v.

**BRIAN COOK, WARDEN,**

        **Respondent.**

**Case No. 2:13-cv-00284
Judge Peter C. Economus
Magistrate Judge King
MEMORANDUM OPINION AND ORDER**

On August 7, 2014, the Magistrate Judge a Report and Recommendation, recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this case be dismissed. (ECF No. 13.) Petitioner, proceeding with the assistance of counsel, has objected to that recommendation. (ECF No. 16.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection is **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED.** This case is hereby **DISMISSED.**

Petitioner was convicted, after a jury trial at which he represented himself, of ten counts of pandering sexually oriented matter involving a minor, and four counts of illegal use of a minor in a nudity oriented material or performance.[1] Petitioner alleges in this case that the state trial court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it failed to assure that petitioner understood the dangers and disadvantages of representing himself at trial. As a consequence, Petitioner contends, he did not make a knowing, intelligent and voluntary waiver of his right to the assistance of counsel. The Magistrate Judge concluded that the record "does not support Petitioner's claim that the state appellate court – when it rejected petitioner's claim that he did not knowingly, intelligently or voluntarily waive

---

[1] Petitioner was not convicted on four other counts against him.

his right to counsel – unreasonably applied or contravened federal law, or based its decision on an unreasonable determination of the facts in light of the evidence." (ECF No. 13. at 19-20.) Petitioner objects to that conclusion and contends that both the state appellate court and the Magistrate Judge misapplied *Faretta v. California,* 422 U.S. 806 (1975), by presuming Petitioner's waiver of his right to counsel without support in the record. Petitioner specifically complains that the Magistrate Judge improperly relied on *Swiger v. Brown*, No. 02-3907, 2004 WL 187557 (6th Cir. Jan. 27, 2004), and *Dallio v. Spitzer*, 343 F.3d 533, 561-62 (2nd Cir. 2003), to reduce the standard established in *Faretta* for establishing a knowing and intelligent waiver of the right to counsel; he also argues that his conduct prior to and during his trial did not support a finding of a constitutionally sound waiver of his right to counsel.[2]

This Court is not persuaded by these arguments. A criminal defendant must be permitted the right of self-representation, "for it is he who suffers the consequences if the defense fails." *Faretta*, 422 U.S. at 820. "An unwanted counsel 'represents' the defendant only through a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense." *Id*. at 821.

However, because a criminal defendant who chooses to represent himself necessarily relinquishes the benefits of representation by counsel, his waiver of the right to counsel must be knowing and intelligent. *Id*. at 835 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464-65 (1938); *Von Moltke v. Gillies*, 332 U.S. 708, 723-24 (1948)). "He should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is

---

[2] As noted by the Magistrate Judge, the record includes evidence that Petitioner had refused to cooperate with the two attorneys appointed to represent him. (ECF No. 13 at 16-18.) In his closing argument, Petitioner advised the jury that he regretted his decision to represent himself..

doing and his choice is made with eyes open.'" *Id.* (citing *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279 (1942)). The Supreme Court has prescribed no particular formula or script to be read to a defendant who expresses his wish to proceed without counsel, *Iowa v. Tovar*, 541 U.S. 77, 88 (2004), and there is "no sacrosanct litany for warning defendants against waiving the right to counsel." *United States v. Jones*, 421 F.3d 359, 363 (5th Cir. 2005). The information required to make a knowing and intelligent waiver of the right to counsel is determined from the facts and circumstances of each case. *See Tovar*, 541 U.S. at 88. A reviewing court must look at the entire record to determine whether the defendant's waiver of his right to counsel was constitutionally sufficient. *King v. Bobby*, 433 F.3d 483, 492 (6th Cir. 2006).

For the reasons already well detailed in the Report and Recommendation, this Court agrees that the record readily supports a conclusion that Petitioner exercised his right to self-representation "with eyes open." The fact that Petitioner may now regret his decision is not grounds for granting habeas corpus relief.

Upon careful consideration and review of the entire record, the Court is not persuaded that Petitioner has met his burden of showing that the state court's decision contravened or unreasonably applied federal law, or based its decision on an unreasonable determination of the facts in light of the evidence that was presented. Petitioner's Objection (ECF No. 16), is therefore **OVERRULED**. The Report and Recommendation (ECF No. 13), is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Petitioner requests a certificate of appealability. Where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard

is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether. . . the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Id*. (citing *Barefoot,* 463 U.S . at 893, and n. 4).  The Court is persuaded that Petitioner has met this standard.  The following issue is therefore **CERTIFIED** for appeal:

> Did Petitioner knowingly and intelligently waive his constitutional right to counsel in electing to represent himself at trial?

Petitioner, who paid the original filing fee in this case, also asks that he be granted leave to proceed *in forma pauperis* on appeal. Because the procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the issue is simply whether petitioner can afford the filing fee. However, a habeas corpus petitioner who paid the original filing fee and who wishes to pursue an appeal without payment of fees or costs must nevertheless file a motion supported by an appropriate affidavit. *See* Fed. R. App. P. 24(a). Petitioner has not submitted an appropriate affidavit of indigency. Accordingly, Petitioner's request to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to renewal upon the filing of a proper motion and affidavit.

UNITED STATES DISTRICT JUDGE